Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6561 | **DATE** | 2/12/2002 |
| **CASE TITLE** | KEN MARZEK vs. MORI MILK & ICE CREAM CO.,et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion for a stay pending arbitration is granted [11-1]. All other pending motions are dismissed as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 13 2002 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | 02 FEB 12 PM 1:37 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KEN MARZEK, on behalf of himself and all other Plaintiffs similarly situated known and unknown, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 01 C 6561 |
| MORI MILK & ICE CREAM COMPANY and JOHN B. MORI, | ) ) ) | Judge Ronald Guzmán |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ken Marzek filed a class action complaint alleging violations of the Fair Labor Standards Act ("FLSA") and the Portal-to-Portal Act ("PPA") by his employer, Mori Milk & Ice Cream Company ("MMIC") and John B. Mori. In response, defendants filed a motion to stay proceedings pending arbitration, based upon an arbitration agreement signed by plaintiff as part of his employment agreement. The Court concludes that plaintiff has failed to meet his burden of showing that the arbitration agreement should not be enforced. Therefore, defendants' motion for a stay is hereby granted.

## Facts

Plaintiff is or was an employee of MMIC.[1] As a condition of employment, plaintiff signed an employment agreement that contained an arbitration clause. The clause provides for the arbitration of "any dispute – including but not limited to [plaintiff's] termination - arising

---

[1] Plaintiff's complaint does not indicate whether plaintiff is a past or a present employee.



under or involving" the employment of the plaintiff. (Mot. Stay Pending Arbitration Ex. A at 2.) On August 23, 2001, plaintiff filed this putative class action lawsuit alleging that defendants failed to pay proper overtime compensation to MMIC employees during the two years prior to the complaint. Defendants filed an answer in which they affirmatively defended that the plaintiff was bound by his employment agreement to arbitrate the claim. Defendants subsequently filed motion to stay pending arbitration of the claim.

## **Discussion**

Defendants bring this motion pursuant to the Federal Arbitration Act ("FAA"), which provides that federal court proceedings shall be stayed where the dispute is "referable to arbitration" under a written arbitration agreement. 9 U.S.C. § 3 (West 2001). Whether an issue is referable to arbitration, such that a stay and/or order to compel arbitration is appropriate, is a question of contract interpretation, for "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 (7th Cir. 1995) (quoting *Schacht v. Beacon Ins. Co.*, 742 F.2d 386, 390 (7th Cir. 1984)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998); *Flexible Mfg. Sys. Party, Ltd. v. Super Prods. Corp.*, 86 F.3d 96, 99 (7th Cir. 1996).

It is indisputable that statutory claims "may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26

(1991). Furthermore, federal policy favors arbitration, which requires courts to "rigorously enforce agreements to arbitrate." *Washburn v. Societe Commerciale de Reassurance*, 831 F.2d 149, 150 (7th Cir. 1987) (citations omitted). Nevertheless, plaintiff contends that the agreement is unenforceable because it is too vague, because defendants have waived their right to arbitration, and because the agreement results in the deprivation of rights granted by the FLSA. Each of these arguments will be considered in turn.

### I. Vagueness

Plaintiff argues that because the arbitration agreement is silent on the matters of remedies, procedures, forum, enforcement, and other attributes of a typical arbitration, it is therefore too vague to be valid or enforceable.[2] However, it is settled federal policy that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," including doubts about the "construction of the contract language." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. The arbitration agreement, by its terms, requires the arbitration of "any dispute . . . arising under or involving" the employment of the plaintiff by MMIC. (Mot. Stay Pending Arbitration Ex. A at 2.) The agreement does not exclude the arbitration of any issues or remedies, including those remedies dictated by the FLSA, and there is no reason to believe that an arbitrator would disregard the provisions of the statute. Accordingly, there is no reason to deny enforcement of the arbitration agreement on this basis.

---

[2] In his argument, plaintiff relies on *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238 (1962), and *Butler Products Co. v. Unistrut Corp.*, 367 F.2d 733 (7th Cir. 1966). However, the cases do not appear to contain either of the quotations reproduced in the concomitant paragraph.

3

## II. Waiver

Plaintiff also argues that defendants have waived their right to arbitration on account of their participation in the present proceedings. However, we agree with defendants that this conclusion is not supported by the cases cited in plaintiff's response brief. In *Frazier v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252-53 (4th Cir. 1987), waiver of arbitration was found where the defendant delayed for several years before making a request for arbitration. In *Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 131 (2nd Cir. 1997), the court noted that waiver might be found when a party "engages in protracted litigation that results in prejudice to the opposing party." This can occur when a party invokes arbitration in order to relitigate an issue lost on motion, obtains information through discovery procedures not available in arbitration, or subjects the other party to "unnecessary delay or expense" by not promptly invoking the right to arbitration. *Id.* In *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1413 (9th Cir. 1990), the court held that defendant *did not* waive his right to arbitration where the request for arbitration was made upon the initial filing of the suit.

In the case at bar, there has been no discovery, nor any previous ruling on the merits of a contested issue. Defendants invoked the arbitration agreement as the first affirmative defense in their amended answer to plaintiff's complaint. The Court also does not agree that defendants' filing of an answer with affirmative defenses, a counterclaim, and objections to plaintiff's Notice and Consent forms constitutes waiver of the agreement to arbitrate. These actions are consistent with the pleading requirements of the Federal Rules of Civil Procedure, and merely serve to prevent a default judgment from being entered against defendants. Therefore, the Court finds that defendants' conduct in these proceedings does not constitute a waiver of the arbitration agreement.

## III. Deprivation of FLSA Rights

Plaintiff argues that the arbitration agreement is unenforceable because it deprives him of various statutory rights provided by the FLSA. However, it is settled law that a claimant acquiescing to arbitration does not "forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Gilmer*, 500 U.S. at 26 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

The arbitration agreement signed by plaintiff contains no provision that precludes the arbitrator from awarding the same relief under the FLSA that would be awarded by a court. Furthermore, "[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the *construction of the contract language itself* or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25 (emphasis added). With these directives in mind, the Court finds that the agreement results in no such alleged deprivation of statutory rights, and that it is fully enforceable.

### A. Alleged Preclusion of Class Action

The FLSA provides that actions may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (West 2001). Plaintiff contends that the arbitration agreement he signed is unenforceable because it would preclude him from bringing an FLSA class action against his employer. However, the agreement signed by plaintiff contains no language that excludes class actions.

Even if a class action were not possible, the agreement would not necessarily be invalid. In *Gilmer*, which involved the Age Discrimination in Employment Act, the Supreme Court stated that "'even if the arbitration could not go forward as a class action or class relief could not

be granted by the arbitrator, the fact that the [ADEA] provides for the possibility of bringing a collective action does not mean that individual attempts at conciliation were intended to be barred.'" *Gilmer*, 500 U.S. at 32 (quoting from a dissenting opinion in *Nicholson v. CPC Int'l, Inc.*, 877 F.2d 221, 241 (3d Cir. 1989)). The plaintiff has given no reason for why the arbitration agreement he signed should not be accorded the same consideration as the agreement in *Gilmer*.

Plaintiffs to a class action in a federal forum must have individual claims that are subject to litigation in a federal forum. *See Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973). In this case, plaintiff specifically agreed to arbitrate claims related to his employment at MMIC. The strong federal policy favoring arbitration is not outweighed by plaintiff's current desire for class treatment of his claims against defendants.

**B. Alleged Forfeiture of Attorney's Fees and Costs of Arbitration**

The FLSA also provides that successful claimants shall be awarded "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiff argues that the arbitration agreement strips him of this right. However, the arbitration agreement requires only that plaintiff bear the costs of legal representation during the course of the arbitration. The agreement does not preclude arbitrators from awarding attorney's fees upon resolution of the dispute. Just as plaintiff must bear his own attorney's fees and costs in litigation, subject to the right to recover them under § 216(b) if he prevails, it is not unfair that he should bear them during arbitration.

In a similar vein, plaintiff contends that because the terms of the arbitration agreement require that he pay half the cost of the arbitrator and any incidental costs of arbitration, it impairs his rights under FLSA to recover costs related to the bringing of the action. However, as with the matter of attorney's fees, the arbitration agreement does not preclude recovery of arbitration

6

fees and costs. Because arbitrators "possess the power to fashion the same relief as courts," there is nothing to suggest that these arbitration costs would not also be recoverable by the plaintiff, should he prevail in the dispute. *Johnson v. West Suburban Bank*, 225 F.3d 366, 374 (3d Cir. 2000).

### C. Alleged Deprivation of Right to Particular Statute of Limitations

Lastly, plaintiff argues that the arbitration agreement deprives him of the statutory right to a two or three year statute of limitations. This conclusion is not supported by case law. In a situation such as this, "the function of the court is limited to determining whether there is an agreement to arbitrate the underlying dispute and, if so, whether the agreement to arbitrate has been breached." *Fender Corp. v. Techna-Quip Co.*, 953 F.2d 273, 277 (7th Cir. 1992). Challenges that are not directly aimed at the agreement to arbitrate are referable to an arbitrator. *Id.* This is true even where the validity of the entire contract is in dispute. *Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 868 (7th Cir. 1985); *Sauer-Getriebe KG v. White Hydraulics, Inc.*, 715 F.2d 348, 350 (7th Cir. 1983). That plaintiff disputes the time limitation imposed by the arbitration agreement does not preclude this Court from enforcing the arbitration agreement.

### Conclusion

For the forgoing reasons, defendants' motion for a stay pending arbitration is granted [doc. no. 11-1]. All other pending motions are dismissed as moot.

**SO ORDERED**  ENTERED: 2/12/02

HON. RONALD A. GUZMAN
United States Judge

7